IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| ADRIAN CHANEY, and | ) |
| A CLASS OF UNKNOWN PERSONS | ) |
| SIMILARLY SITUATED, | ) |
|     Plaintiffs, | ) |
| | ) No. |
|   -vs- | ) |
| | ) |
| CLAY CAMPBELL, States Attorney of DeKalb | ) |
|     County, | ) |
| PHILIP MONTGOMERY, Criminal Bureau Chief, | ) |
|     States Attorney of DeKalb County, | ) |
| REGINA HARRIS, | ) |
| OFFICER   RYAN GOODMAN # 537, | ) |
|     Sycamore Police Department, | ) |
| DEPUTY T. JENNINGS, DeKalb County Sheriff's | ) |
|     Department, | ) |
| CITY OF SYCAMORE, ILLINOIS, | ) |
| DeKALB COUNTY SHERIFF, | ) |
| COUNTY OF  DeKALB, | ) |
| And other unknown law enforcement officers of the | ) |
| Sycamore Police Department and DeKalb County | ) |
| Sheriff, | ) |
|     Defendants. | ) |

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

Plaintiff, ADRIAN CHANEY, by his attorney, SHELDON NAGELBERG, alleges as follows:

1. This is a civil action arising under 42 U.S.C. 1983, 1985,  United States Constitution, Amendments 4, 5,6, 14, the Illinois Constitution of 1970, Article I , Sections 6, 7 and 8.  The jurisdiction of this Court is conferred by 28 U.S.C. 1343 and 28 U.S.C. 1367.

1

2. Plaintiff is a resident of DeKalb County Illinois, and events described in this complaint occurred in the Western Division of the Northern District of Illinois.

3. Defendants CLAY CAMPBELL, PHILIP MONTGOMERY, REGINA HARRIS, OFFICER RYAN GOODMAN, DEPUTY T. JENNINGS, DeKALB COUNTY SHERIFF, and unknown law enforcement officers were at all times relevant acting under color of their office. Each is sued in their official and individual capacity. Defendant CITY OF SYCAMORE is an Illinois municipal corporation. Defendant COUNTY OF DeKALB, on information and belief is self-insured.

## I. FACTS

**A. The July 30, 2010 Traffic Stop, Search, Seizure, and Arrest of Plaintiff Chaney.**

4. On July 30, 2010, at approximately 1:40 A.M. Sycamore Police Department defendant Officer Goodman observed plaintiff Chaney driving his vehicle in the City of Sycamore, Illinois. At the time defendant Goodman observes Mr. Chaney there existed no warrant for the arrest of plaintiff, nor a search warrant of plaintiff or the vehicle. At the time defendant Goodman observes Mr. Chaney, the plaintiff is not violating any local, state, or federal law, nor does defendant Goodman have any reasonable suspicion that Mr. Chaney is committing, or is planning to commit any act that is in violation of law.

5. Within a matter of seconds that defendant officer Goodman observes plaintiff Chaney, officer Goodman makes a purposeful decision to stop Mr. Chaney's vehicle and search the vehicle. Within 19 seconds of deciding to stop Mr. Chaney's vehicle, officer Goodman initiates a radio communication upon the defendant DeKalb County Sheriff for a canine and handler, and for additional police assistance.

6. While waiting for the arrival of the canine, handler, and other assistance, officer Goodman stopped the vehicle, detained, and questioned Mr. Chaney on the pretext that he committed a traffic infraction. The stop, detention, and questioning of Mr. Chaney was unreasonable. It was the intent of officer Goodman that Mr. Chaney was not free to leave, and the circumstances of the stop indicated to Mr. Chaney that he was not free to leave with his vehicle.

7. While being detained by officer Goodman, defendant DeKalb County deputy Sheriff T. Jennings arrives with his dog. Also arriving is Sycamore police officer Vandervinne.

8. Although at the time of the stop officer Goodman has no reasonable or articulable suspicion of drug-related criminal activity by Mr. Chaney, the request for a canine and handler, plus additional assistance, was for the purpose of effectuating officer Goodman's self-styled plan to conduct his own criminal investigation, without the approval of his supervisors.

9. Although Mr. Chaney never consented to a search of his vehicle, or a search by a drug-sniffing dog, Defendant deputy Jennings and his dog approached Mr. Chaney's vehicle. Although in truth the canine did not indicate a positive detection of drugs within the vehicle, defendants officer Goodman and Jennings entered into an agreement to falsely claim in their written reports that the canine indicated for drugs.

10. The separate written reports of defendants Goodman and Jennings contain material inconsistencies reflective of deliberate falsehoods evidencing the inability of these two defendants to "get their stories straight." In written reports authored by defendant deputy Jennings describing the canine drug search, defendant Jennings falsely states that the dog positively indicated for drugs by the rear passenger door, that a drug-weighing scale which resembled a small cell phone was discovered within the vehicle, that a small amount of cannibis was found inside a pocket on the drivers side door. Defendant deputy Jennings also falsely claims in the report that Mr. Chaney admitted to him that he had smoked cannibis "within the last couple of hours and said that he was higher than a kite." However, conversely, the written report of defendant officer Goodman makes no mention of a drug-weighing scale being found, nor is there any post-arrest inventory record or photograph indicating that a scale was found. Defendant Goodman's report also notes that "Chaney did not appear to be under the influence of cannibis and I did not smell an odor of cannabis on

4

Chaney's person or in his vehicle". Mr. Chaney was not charged with driving under the influence of alcohol or drugs.

11. Without the consent of Mr. Chaney, Defendants Goodman and Jennings searched all parts of Mr. Chaney's vehicle, including areas under the hood, trunk, and driver and passenger compartments. Plaintiff Chaney 's person was searched . Certain items were seized from the vehicle and the person of Mr. Chaney.

12. Plaintiff Chaney was arrested and charged by defendant officer Goodman, with the approval of the DeKalb County States Attorney, with felony possession of, and possession with intent to distribute, cocaine and marijuana. Additionally , Mr. Chaney was charged with possession of drug paraphernalia.

13. Plaintiff Chaney was booked, fingerprinted, photographed and placed in the DeKalb County Jail.

**B. The Prosecution and Defense of Mr. Chaney After False Arrest.**

14. At all times relevant to the events enumerated in this complaint defendant Clay Campbell, an attorney licensed to practice in Illinois, was the duly elected States Attorney of DeKalb County; and defendant Philip Montgomery , an attorney licensed to practice in Illinois, was an assistant States Attorney and selected by defendant Clay Campbell to be the Chief of the Criminal Bureau, holding a supervisory role over the prosecution of

5

felony cases in DeKalb County, and the assistant States Attorneys handling felony prosecutions.

15. Before entering his position as States Attorney of DeKalb County, defendant Clay Campbell took an oath pursuant to Illinois law, 55 ILCS 5/3-9001, that "I will support the constitution of the United States and the constitution of the State of Illinois, and that I will faithfully discharge the duties of the office of state's attorney according to the best of my ability" The same law also required defendant Clay Campbell to execute a $5,000 penal bond to the People of the State of Illinois, if the County is not self-insured, conditioned upon the faithful discharge of the duties of the office, and which bond is to be used for the benefit of the state, county, corporation, or person injured by the breach of any of the conditions.

16. The Illinois Constitution of 1970 established a new right, contained in Section 7 of Article One:

"No person shall be held to answer for a crime punishable by death or by imprisonment in the penitentiary unless either the initial charge has been brought by indictment of a grand jury or the person has been given a prompt preliminary hearing to establish probable cause."

New Section 7 superseded prior decisions of the Illinois Supreme Court[1] which held that an individual is not entitled to a preliminary hearing.

---

[1] *People v. Bonner, 37 Ill. 2d 553, 229 N.E.2d 527 (1967); People v. Petruso, 35 Ill. 2d 578, 221 N.E.2d 276 (1966).*

6

17. The framers of the 1970 Constitution who sat on the Bill of Rights Committee took special note of the significance of what is meant by a "prompt" preliminary hearing. In their Bill of Rights Committee Report it is noted:

"The determination of what is a prompt preliminary hearing is left to judicial construction. The issue should be resolved in light of all the circumstances, with emphasis upon the essential purpose that a person speedily receive the important rights listed above, including prompt and public presentation of sufficient evidence to demonstrate that there is probable cause to believe that an offense has been committed by the defendant. If the evidence does not show probable cause the defendant is entitled to be discharged. Such a discharge is of course without prejudice to the prosecution's ability to institute new charges upon being satisfied that evidence available at that time is sufficient to establish probable cause."

18. The substantive procedural addition of the right to a prompt preliminary hearing to the Illinois Constitution received additional recognition in the Illinois Code of Criminal Procedure when it added as a ground entitling a defendant to a dismissal of a charge, the failure of the State to comply with 725 ILCS 5/109-3.1, *725 ILCS 5/114-1(11)*. Section 5/109-3.1 required that any person in custody for the alleged commission of a felony shall receive either a preliminary hearing or an indictment by a grand jury within 30 days of being taken into custody; if the

7

accused is on bond he/she shall receive a preliminary hearing or indictment within 60 days of arrest. Section 5/109-3.1 also provided, except in cases where the competency of the accused is at issue requiring an examination, that a delay in the 30-day or 60-day rule can only be occasioned by the defendant.

19. Plaintiff Chaney remained in custody in the DeKalb County Jail from July 30 to August 9, 2010, whereupon he posted bond, and was placed on electronic monitoring, with monthly monitoring fees of approximately $215. On July 30, 2010 the Court appointed the DeKalb County Public Defender as counsel for Mr. Chaney. At all relevant times, up until June 29, 2012, defendant Regina Harris was the Public Defender of DeKalb County.[2]

20. On May 10, 2011 Mr. Chaney retained this undersigned counsel as defense counsel. On May 10, 2011 this undersigned filed his substitute appearance before the court, and the Public Defender was granted leave to withdraw.

21. In the latter part of May, 2010 this undersigned reviewed from the Public Defender a set of police reports reflecting the events of July 30, 2010, and which were originally given to the Public Defender by the States Attorney's office.

22. On July 13, 2011 this undersigned reviewed the common law court file pertaining to the pending felony charges. The file revealed that, except for a motion to reduce bond heard shortly after arrest, there were

---

[2] Regina Harris resigned her position on or about June 29, 2012.

8

nine (9) court hearings held between July 30, 2010 and the May 10, 2011 appearance of this undersigned counsel. No record, order, or transcript existed in the file which documented that a preliminary hearing was held, or an indictment was returned, or that there was a waiver of preliminary hearing. The order reflecting each of the 9 court hearings indicated that the purpose of each hearing was "status review", and that continuances were "by agreement".

23. On July 13, 2011 and on later occasions in the month of July and early August, 2011 this undersigned spoke to two assistant DeKalb County public defenders assigned to represent persons accused of felonies, bailiffs assigned at the DeKalb County Courthouse, and private attorneys whose practice included criminal defense in DeKalb County.

24. The result of these interviews revealed that since defendant Clay Campbell had been the States Attorney, it was the established practice and policy of Clay Campbell, and directed to defendant Philip Montgomery as Chief of the Criminal Bureau to carry out the following practices:

    A. The States Attorney would not conduct preliminary hearings, and shifted their constitutional duty and burden to a defendant to demand a preliminary hearing.;

    B. The States Attorney would not seek an indictment shortly after an arrest, with the exception of homicides or notorious cases where the

9

public and the press media were covering the progress of the case in the courts;

  C. If at any point in the progress of the case a defense counsel would raise a concern about the failure of the State to put on a preliminary hearing, the States Attorney would then seek an indictment.

  D. When the progress of a felony case reached a point in which both the State and the defense would set a firm trial date, the State would than seek an indictment, which would be returned just prior to trial commencing:

  E. When the progress of a felony case reached a point in which both the State and the defense agreed upon a plea, then defense counsel would have the defendant execute a waiver of preliminary hearing.

25. The above described practice and policy of defendants Clay Campbell and Philip Montgomery formed a culture which permeated sand enveloped the handling of a felony case in DeKalb County , which resulted in:

  A. Unlawfully shifting the burden upon the defense attorney to seek out a prompt preliminary hearing, when it is the duty of the State to conduct a preliminary hearing;

  B. Establishing a culture which promoted plea bargaining and disposing of cases by way of plea, rather than a culture of procedural and substantive due process in the spirit of the Illinois Constitution and its safeguards for establishing probable cause;

C. Literally prosecuting a felony case for periods of months, and even extending into years where there has never existed a judicial finding of probable cause, until the case approaches a trial, where the State quickly gets an indictment, or when the case is to be pleaded out, at which time the defendant signs a waiver of preliminary hearing;

D. Literally equating the court's *Gerstein*[3] hearing conducted shortly after arrest as the defacto preliminary hearing.

26. On October 17, 2011 this undersigned had a conversation with defendant Public Defender Regina Harris. During the conversation defendant Harris stated that preliminary hearings are not held, and that the *Gerstein* hearing serves as a substitute for the preliminary hearing.

27. On August 29, 2011 this undersigned filed a Motion To Dismiss Charges claiming the Illinois constitutional and statutory violations described in paragraphs 14 through 26 of this complaint.. When this undersigned appeared at the next court hearing on September 22, 2011, he was greeted by Philip Montgomery with a copy of a grand jury indictment which was returned on September 9, 2011, eleven days after the Motion To Dismiss was filed, and approximately thirteen months after Mr. Chaney's arrest. However, Mr. Chaney was not arraigned until March 5, 2012.

28. To support the claims within the Motion To Dismiss, this undersigned filed a request upon defendant Clay Campbell pursuant to the Illinois Freedom of Information Act ("FOIA"), to disclose any written policy

---

[3] *Gerstein v. Pugh, 420 U.S. 139*

11

concerning the DeKalb County States Attorney conducting preliminary hearings and indictments. After failing to receive a response, this undersigned filed a motion for declaratory judgment, at which time defendant Philip Montgomery stated in open court on November 29, 2011, that the DeKalb County States Attorney maintains no written policy concerning preliminary hearings and indictments.

29. On October 29, 2011 this undersigned had a conversation with defendant Regina Harris. During the conversation defendant Harris defended the policy and practice concerning preliminary hearings and indictments described in paragraphs 14 through 26 of this complaint, stating that the existing practice, although a violation of law, was "realistic" considering financial and personnel constraints in DeKalb County government. Defendant Harris also stated that she did not believe that any persons accused of felonies in DeKalb County suffered any prejudice by reason of the State's Attorneys' policy and practice, and that she did not object to them, and did not instruct her assistant Public Defenders to object to them.

30. On December 11, 2011, in furtherance of this undersigned's attempt to support the claims within the Motion To Dismiss, a second FOIA request was made upon defendant Clay Campbell to disclose for the years 2008, 2009, and 2010:

      a. the number of court files which contained charged felonies;

    b. the number of court files which contained charged felonies for which a preliminary hearing was held; and

    c. the number of court files which contained charged felonies for which a true bill was returned by a grand jury.

31. On December 14, 2011 defendant Clay Campbell responded to the FOIA request by unlawfully claiming that the States Attorney is a branch of the Judiciary, rather than the Executive branch of Illinois government, and therefore is exempt from disclosing the records.

32. The States Attorney of DeKalb County is a part of the Executive branch of Illinois government, and the claim by defendant Clay Campbell of it being part of the Judiciary is a deliberate attempt to frustrate this undersigned's attempt to discover factual information supporting the Motion To Dismiss. The Motion To Dismiss is still pending.

## COUNT ONE
**Unlawful Search and Seizure; False Arrest, and Imprisonment; Conspiracy**

33. Plaintiff Adrian Chaney realleges paragraphs 1 through 13 of this complaint as and for Count One.

34. Plaintiff Chaney was stopped, seized, and searched without probable cause by defendant officer Ryan Goodman and deputy T. Jennings

13

in violation of the Fourth Amendment, U.S. Constitution, Article One, Section 6 of the Illinois Constitution of 1970., and 42 U.S.C. 1983. The unlawful detention, seizure, and search by defendants Goodman and Jennings then resulted in the false arrest of plaintiff Chaney without probable cause.

35. Defendants Goodman and Jennings conspired to deprive Mr. Chaney of his rights under the Fourth Amendment, U.S. Constitution and Article One, Section 6 of the Illinois Constitution of 1970 to be free of unreasonable searches and seizures, and the equal protection of the laws of the State of Illinois and the United States by their agreement to fabricate the claim that the canine drug-sniffing indicated a positive hit, when in fact it did not occur; and that further the defendants Goodman and Jennings agreed make false written reports to reflect the actions of the canine to record a positive hit, in further violation of 42 U.S.C. 1983, and 42 U.S.C. 1985.

36. Defendants Goodman and Jennings, unlawfully, and without probable cause deprived plaintiff Chaney of his liberty from July 30, 2010 to August 9, 2010, and thereafter Mr. Chaney's liberty and privacy has been further restricted by reason of his being electronically monitored and compelled to attend court hearings, and bond restrictions on his ability to travel outside the State of illinois.

14

37. The actions of defendants Goodman and Jennings were done with malice and reckless disregard of Mr. Chaney's right to liberty and to be free of unreasonable searches and seizures.

WHEREFORE plaintiff Adrian Chaney requests that judgment be entered against defendants Ryan Goodman and T. Jennings as follows:

    A. Against defendants Goodman and Jennings and unknown police officers each in unspecified amounts greater than $50,000 for compensatory damages and $50,000 for punitive damages; and

    B. That a declaratory judgment issue that defendant City of Sycamore is liable, as the indemnifier, for any award of compensatory damages on plaintiff's claims against defendant Goodman and unknown police officers.

    C. That a declaratory judgment issue that defendant DeKalb County Sheriff is liable, as the indemnifier, for any award of compensatory damages on plaintiff's claims against defendant deputy Jennings.

### COUNT TWO
### State Deprivation of Plaintiff's Constitutional Right, Art. One, Section 7

38. Plaintiff Adrian Chaney realleges paragraphs 14 through 32 of this complaint as and for Count Two.

39. Defendant Regina Harris had a duty under the Sixth Amendment, U.S. Constitution, to provide her indigent clients with effective assistance of

15

counsel. Regina Harris herself never objected , and did not instruct her assistant public defenders to object to the pattern and practice of defendants Clay Campbell and Philip Montgomery to adhere to the Illinois Constitution of 1970 mandating a prompt preliminary hearing. By failing to object to such practice, defendant Harris consented, thereby permitting plaintiff Chaney and all other persons charged with felonies in DeKalb County to attend court, and have restrictions on their liberty without ever a judicial finding of probable cause.

Furthermore, pursuant to Illinois Supreme Court Rule 411, persons accused of felonies have no right to conduct discovery or investigation until there is a finding of probable cause leading to an information, or a grand jury indictment.

    40. The conduct of defendant Regina Harris as described in paragraphs 14 through 39 of this complaint deprived Mr. Chaney and other persons similarly charged with effective assistance of counsel; and in tacit agreement with the practice and pattern of defendants Clay Campbell and Philip Montgomery, defendants Harris, Campbell, and Montgomery knowingly and recklessly deprived indigent persons accused of felonies with their constitutional right to a prompt finding of probable cause, by either preliminary hearing, or indictment. Such reckless disregard for adherence to this right of probable cause determination resulted in Mr. Chaney and others

16

similarly situated to have restrictions on their liberty without a finding of probable cause.

WHEREFORE plaintiff Adrian Chaney and other unknown but similarly situated persons, request that judgment be entered against defendants Regina Harris, Clay Campbell, and Philip Montgomery as follows:

A. Against defendants Regina Harris, Clay Campbell, and Philip Montgomery each in unspecified amounts greater than $50,000 for compensatory damages and $50,000 for punitive damages; and

B. That a Declaratory Judgment issue that defendant County of DeKalb, is liable as the indemnifier, for any award of compensatory damages against defendants Harris, Campbell, and Montgomery.

C. That permanent injunctive relief be entered against defendants Clay Campbell and Philip Montgomery. enjoining them from continuing their pattern and practice of depriving persons accused of felonies from prompt preliminary hearings or indictment.

### COUNT THREE
### Fourth and Fourteenth Amendment Deprivation of Liberty Without Due Process of Law.

41. Plaintiff realleges paragraphs 1 through 40 of this complaint as and for Count Three.

17

42. The actions of defendants officer Goodman and deputy Jennings in falsely arresting plaintiff Chaney without probable cause were compounded by the egregious behavior of defendants Campbell, Montgomery, and Harris in their pattern and practice of not establishing a prompt preliminary hearing or grand jury indictment so as to achieve a judicial finding of probable cause. Therefore the malicious, unlawful seizure and deprivation of liberty of plaintiff Chaney on a Sycamore street without probable cause, his subsequent false arrest, detention in the DeKalb County Jail, finds egregious reckless continuation in the courtroom arena when defendants Campbell, Montgomery, and Harris violate the Illinois Constitution so as to permit ongoing restrictions on Mr. Chaney's liberty ( electronic monitoring, fees, mandatory court appearances, bond restrictions on travel outside the State of Illinois, and inability to conduct discovery pursuant to Illinois Supreme Court Rule 411) without a finding of probable cause, in violation of the Fourth and Fourteenth Amendment, U. S. Constitution.

WHEREFORE plaintiff Adrian Chaney requests that judgment be entered against defendants Goodman, Jennings, Campbell, Montgomery, and Harris as follows:

A.      Against defendants Ryan Goodman, T. Jennings, Clay Campbell, Philip Montgomery, and Regina Harris, each in unspecified amounts greater than $50,000 for compensatory damages and $50,000 for punitive damages.

43. This undersigned requests leave to seek class action status as to those persons arrested in DeKalb County for felonies, and who were subject to the above described pattern and practice of defendants Clay Campbell and Philip Montgomery in denying such persons their Illinois Constitutional right to a judicial finding of probable cause by way of a prompt preliminary hearing or grand jury indictment.

Respectfully submitted,

/s/ <u>Sheldon Nagelberg</u>
Sheldon Nagelberg
53 West Jackson Boulevard
Suite 664
Chicago, Illinois 60604
312-305-5278

*Attorney for Plaintiff Adrian Chaney*